[Civ. No. 19004.   Second Dist., Div. One.   Sept. 2, 1952.]

BARBARA MARTENS, Respondent, v. REDI-SPUDS, INC., et al., Appellants.

Spray, Gould & Bowers and Malcolm Archbald for Appellants.

Larwill & Wolfe and Herbert C. Meade for Respondent.

DORAN, J.—This is an appeal from the judgment on a verdict in favor of plaintiff.

The action was for damages resulting from an automobile collision.

The accident occurred on a clear day about 9:30 a. m. As recited in appellants' brief, "Miss Martens was driving in an easterly direction on Wilshire Boulevard. She intended to make a left turn to proceed in a northeasterly direction onto Brighton Way.

"A witness, Mr. Gerwein, was driving his automobile in a westerly direction on Wilshire Boulevard in the lane next to the center line of the street. Driving about forty to fifty feet behind Mr. Gerwein was a vehicle operated by Mr. Lyner. Mr. Joyner was operating a ton and a half panel delivery truck and was delivering Redi-Spuds to various restaurants. He had followed Mr. Gerwein at this distance of forty to fifty feet over a course of three or four blocks and at a speed of about twenty-five or thirty miles an hour.

"The intersection was controlled by traffic signals which were green or 'go' for Wilshire Boulevard as these respective vehicles entered the intersection.

"When he was between twenty-five to thirty feet from Miss Martens' automobile Mr. Gerwein saw it start to make its left turn. Mr. Gerwein, who states he had slowed down to about ten miles an hour on entering the intersection, brought his vehicle to a stop. About that time the Buick operated by Miss Martens crossed in front of him; his vehicle was struck on the right rear fender by the panel truck operated by Mr. Joyner, and the truck went on the right side of Mr. Gerwein's vehicle and collided with the Buick."

Respondent points out that the record also reveals that "The witness, Mr. Gerwein, testified that he did not particularly watch the Buick automobile driven by the respondent, Miss Martens, as it approached the intersection; that he did not see the hand signal from the Buick; that he had seen the Buick some distance back and before he came to the intersection, and that upon arriving at the intersection he slowed down to 10 miles per hour before entering the intersection; that he noticed the Buick was going to make a turn and had given a signal to turn or some indication thereof and therefore he stopped; that he stopped because he knew the Buick was going to turn. Mr. Gerwein further testified that he came to a gradual stop and that

the Joyner automobile which was behind him did not slow down upon entering the intersection, or at any time prior to striking the Martens automobile.

"The respondent Barbara Martens testified that she signaled for a turn onto Brighton Avenue. She testified that she put out her left hand and that she held it straight out."

It is contended on appeal that "The trial court committed prejudicial error in the giving of certain formula instructions which omitted essential elements"; that "The court prejudiced the defense in giving an erroneous instruction as to the duty of the defendant Joyner in following Mr. Gerwein's vehicle"; and that "The court erred in giving a formula instruction that plaintiff was not negligent if she simply complied with the technical requirements of the left turn statute."

Appellants' argument with regard to the so-called formula instructions, which is in no sense critical, is the usual formula objection to such instructions. Thus, with regard to the two principal instructions complained of, appellant argues, "It will be observed that the first of the above quoted instructions specifically tells the jury the only issues they needed to decide were whether the defendant was negligent and whether his negligence contributed as a proximate cause of any injury to plaintiff; and specifically tells them to return a verdict in her favor if they find affirmatively on those two limited issues.

"The second of the foregoing instructions tells the jury plaintiff could recover if they found that Joyner was negligent.

"The first of their instructions wholly eliminates the issue of contributory negligence and the second wholly eliminates the doctrine of proximate cause from the jury's consideration in reaching a verdict.

"The court gave other instructions which properly stated the law. These are attached hereto in the Appendix to this brief. But where formula instructions purporting to set out all conditions necessary to a verdict are given, and erroneously omit certain essential elements, such error is prejudicial and is not cured by the giving of other instructions which correctly set out the elements. In such a case a hopeless conflict of instructions is created and it is impossible to say whether the jury followed the improper or the proper instruction in reaching its verdict." In support of the argument are cited *Beyerle* v. *Clift,* 59 Cal.App. 7 [209 P. 1015];

*La Rue* v. *Powell*, 5 Cal.App.2d 439 [42 P.2d 1063]; *Brown* v. *Blair*, 26 Cal.App.2d 613 [80 P.2d 95], and others.

Actually a so-called formula instruction is just another instruction. The function of the court's instructions to the jury is of course well settled. There is no logical or valid reason to assign to one a high sounding name and endow it with special importance and significance. ▮ A jury is at least supposed to be guided by the instructions as a whole. If they contain the law applicable to the issues involved and are not misleading and are valid in other respects, they are designed to guide the jury in determining the facts in the light of the law. In the within action the court, "affirmatively advised the jury that it was to consider all of the instructions as a whole."

▮▮ In *Amidon* v. *Hebert*, 93 Cal.App.2d 225 [208 P.2d 733], the court noted that "It has frequently been held that where the method of giving an instruction clearly indicates that it was not intended, and does not purport, to state all of the elements involved in the case, and where the omitted elements were covered by specific instructions elsewhere given, the giving of such a so-called formula instruction does not constitute prejudicial error," and also that "The rule relied upon by the defendant, that a formula instruction must contain all of the elements essential to a recovery, has been somewhat relaxed where the conditions and surrounding circumstances indicate that it should not be applied in its original strictness." (See, also, *Douglas* v. *Southern Pac. Co.*, 203 Cal. 390 [264 P. 237].)

▮ There was nothing misleading in the instructions herein considered. And incidentally the issue as to who was at fault was so simple that any jury might very well have determined it without any instruction. In order to indorse appellants' argument quoted above, it would be necessary, in the light of the record, to decide that the jury in the action was too stupid to decide anything.

▮ In *Trelut* v. *Kazarian*, 110 Cal.App.2d 506, at page 512 [243 P.2d 104], appears the following: "In determining whether the jury was properly instructed as to the law, the instructions taken as a whole must be considered. (*Taylor* v. *Pacific Elec. Ry. Co.*, 172 Cal. 638, 652 [158 P. 119].) It is also the established rule that all instructions of the court are to be considered and construed as a whole to determine whether they contain reversible error. (*Nance* v. *Fresno City Lines, Inc.*, 44 Cal.App.2d 868, 871 [113 P.2d 244].)"

And in *Cannis* v. *Di Salvo Trucking Co.,* 111 Cal.App. 2d 893, at page 898 [245 P.2d 365], appears the following: "But it is equally clear that before a judgment will be reversed for an erroneous instruction it must appear that the jury was or could have been misled. (Cal. Const., art VI, § 4½; *Hamm* v. *San Joaquin, etc., Canal Co.,* 44 Cal.App. 2d 47 [111 P.2d 940]; *Mehollin* v. *Ysuchiyama,* 11 Cal.2d 53 [77 P.2d 855]; *Cunningham* v. *Coca-Cola Bottling Co.,* 87 Cal.App.2d 106 [198 P.2d 333].)"

The other contentions above mentioned are without merit.

There being no prejudicial errors in the record the judgment is affirmed.

White, P. J., and Drapeau, J., concurred.