[L. A. No. 25767.   In Bank.   May 24, 1960.]

FRANK E. MAPES et al., Appellants, v. BETHELL
E. YOWELL, Respondent.

Moore & Moore and Bender Moore for Appellants.

Spray, Gould & Bowers and Robert P. Dockeray for Respondent.

McCOMB, J.—Plaintiff Frank E. Mapes appeals from a judgment in favor of defendant, after a trial by jury, in an action to recover damages for personal injuries arising out of a collision of two automobiles at an intersection. There is also a purported appeal from an order denying plaintiff's motion for a new trial.

*Facts*: About 7:25 p. m. on February 22, 1956, plaintiff, age 17 and a member of the National Guard, was a passenger in a Jeep automobile being driven by one Dennis Sheehan, another member of the National Guard. The Jeep was proceeding in an easterly direction on Wyngate Street as it approached the intersection of Scoville Avenue, in Sunland, California. At the same time defendant was driving his 1952 Chrysler north on Scoville Avenue toward its intersection with Wyngate Street. The two cars entered the intersection about the same time, and a collision occurred, resulting in injuries to plaintiff.

■ *Questions*: First. *Was there substantial evidence to sustain the verdict of the jury?*

*Yes.* We have examined the record and are of the opinion there was substantial evidence, considered in connection with such inferences as the jury may have reasonably drawn therefrom, to sustain each and every material finding of fact upon which the judgment in favor of defendant was necessarily predicated. We therefore refrain from further discussion of the evidence.

■ Second. *Did the trial court err in refusing to give the following instruction requested by plaintiff*:

"The law of this state does not prescribe an absolute speed limit, in terms of so many miles an hour, that was applicable at the time and place of the accident involved in this case. The law does ordain what it calls 'prima facie speed limits'; and the law says that if the speed of a vehicle upon a highway is not in excess of the prima facie limit, such speed is lawful unless clearly proved to be in violation of what is known as the basic speed law; and if the speed of a vehicle upon a highway is in excess of the applicable prima facie limit, such speed is unlawful unless proved to be *not* in violation of the basic speed law.

"However, our law further provides that proof of speed in excess of any prima facie limit shall not establish negligence as a matter of law, but that anyone who claims that a speed in excess of such limit was negligent must, to support such

a claim, prove as a fact that such speed was negligent in the circumstances involved.

"The basic speed law to which I have referred provides as follows: 'No person shall drive a vehicle upon a highway at a speed greater than is reasonable or prudent having due regard for the traffic on, and the surface and width of, the highway, and in no event at a speed which endangers the safety of persons or property.'

"The prima facie speed limit that was in effect at the time and place of the accident involved in this case was fifteen miles per hour."

*No.* It is to be noted that the requested instruction contained this statement: "and if the speed of a vehicle upon a highway is in excess of the applicable prima facie limit, such speed is unlawful unless proved to be *not* in violation of the basic speed law," which is, in substance, the second paragraph of section 511 of the Vehicle Code.*

It has been uniformly held that the second paragraph of section 511 of the Vehicle Code should not be included in an instruction in a civil case, either verbatim or in substance. (*Westberg* v. *Willde,* 14 Cal.2d 360, 369 et seq. [94 P.2d 590] ; *Faselli* v. *Southern Pacific Co.,* 150 Cal.App.2d 644, 647 [12] et seq. [310 P.2d 698] ; *Eslick* v. *Leach,* 135 Cal.App.2d 455, 456 [1] et seq. [288 P.2d 38] ; *Cavalli* v. *Luckett,* 40 Cal.App. 2d 250, 256 [104 P.2d 708] ; *Akers* v. *Cowan,* 26 Cal.App.2d 694, 696 [80 P.2d 143] [hearing denied by the Supreme Court] ; *Anderson* v. *Mothershead,* 19 Cal.App.2d 97, 99 [64 P.2d 995] ; cf. *Hardin* v. *San Jose City Lines, Inc.,* 41 Cal.2d 432, 440 [260 P.2d 63] ; *Burch* v. *Valley Motor Lines, Inc.,* 78 Cal.App.2d 834, 848 [179 P.2d 47].)

Third. *Did the trial court err in refusing to give the following instruction requested by plaintiff:*

"You are reminded of the fact that the vehicle in which plaintiff (s) ................. (was) (were) riding at the time of the accident in question was then being operated by (the plaintiff) .................... You are instructed that the driver's negligence, if any, may not be imputed to the (other) plaintiff and that, therefore, you shall find that the plaintiff ................. was not guilty of contributory negligence (unless you should find that there was personal negligence on (his) (her) part, that is, some negligent conduct of (his) (her)

---

*As numbered prior to the 1959 recodification.

own, which contributed as a proximate cause to (his) (her) injury)."

*No.* Plaintiff submitted th einstruction without filling in the blanks or correcting it to conform to the facts of the case. The rule is established that an appellant cannot complain of failure to give a requested instruction which is incomplete or erroneous. (*Shaw* v. *Pacific Greyhound Lines,* 50 Cal.2d 153, 158 [4], [5] [323 P.2d 391] ; *Davis* v. *Johnson,* 128 Cal. App.2d 466, 473 [5] [275 P.2d 563] [hearing denied by the Supreme Court].)

Where an instruction is offered which cannot properly be given without modification, it is not error for the court to refuse it. (See *Estate of Dopkins,* 34 Cal.2d 568, 575 [3] [212 P.2d 886].) In the present case it is obvious that plaintiff did not request a correct instruction from the trial court.

The judgment is affirmed.

Gibson, C. J., Traynor, J., Schauer, J., Peters, J., White, J., and Dooling, J., pro tem.* concurred.

*Assigned by Chairman of Judicial Council.