[Civ. No. 20163. First Dist., Div. Three. Aug. 6, 1962.]

HOMER MILLER, a Minor., etc., et al., Plaintiffs and Respondents, v. NORTHWESTERN PACIFIC RAILROAD COMPANY et al., Defendants and Appellants.

*Assigned by Chairman of Judicial Council.

Bledsoe, Smith, Cathcart, Johnson & Phelps and Robert A. Seligson for Defendants and Appellants.

Jeremiah F. O'Neill, Jr., Robert A. Kaiser, J. Adrian Palmquist and Fred Goss for Plaintiffs and Respondents.

DRAPER, P. J.—Homer Miller was killed in a collision of his automobile with a train. The widow and four surviving children recovered judgment upon jury verdict against the railroad and its engineer. Defendants appeal.

The collision occurred October 30, 1956. Decedent was driving east on Ford Road. The train was southbound. A freight train was stopped on a siding west of the main line, some 200-250 feet north of the Ford Road crossing. The only surviving eyewitness to the collision is the engineer. He first saw the automobile when it was on the track 10-12 feet from the train. The car was moving but he could not estimate its speed. The driver was looking straight ahead. The jury viewed the scene of the accident.

The appeal is based wholly on claimed error in instructions given and refused.

The trial court properly instructed the jury upon the presumption that decedent exercised due care. Appellants do not attack this instruction, but argue that the giving of

it emphasizes the error of the trial court in refusing the instructions proposed by them dealing with speed of the automobile. Appellants' proposed instruction 34 quoted the code (Veh. Code §§ 511, 511, subd. (a) ; now §§ 22351-22352) to the effect that a speed not in excess of the prima facie limit "is lawful unless clearly proved to be in violation" of the basic speed law. This instruction correctly stated the prima facie limit at an obstructed grade crossing to be 15 miles per hour. However, appellants proposed that this instruction be immediately followed by number 35, in the language of BAJI 149, stating that if the driver violated the quoted section "a presumption arises that he was negligent," but that the presumption "may be overcome by other evidence" showing that his conduct was excusable or justifiable, and detailing the evidence necessary to overcome the presumption of negligence. But this 15-mile regulation, by its terms as well as by separate express provision of the code (Veh. Code, § 513, now § 40831), is only a prima facie limit. ■■ It is established that speed in excess of a mere prima facie limit is not negligence as a matter of law, and that the burden is upon the party asserting negligence to establish as a fact that such speed was negligent (*Mapes* v. *Yowell*, 54 Cal.2d 231, 233 [5 Cal.Rptr. 159, 352 P.2d 527] ; *Harkey* v. *Luckehe*, 19 Cal.App.2d 130, 132 [65 P.2d 77]). ■■ Thus appellants' instruction 35 was erroneous, and was properly refused. But without it, instruction 34 has little meaning, and its omission, even if erroneous, could not be prejudicial to appellants. Appellants did not seek any of the variations of BAJI 144, which are specifically designed to cover the application of prima facie speed limits. There is no direct evidence as to the speed of the decedent's automobile at any time, and none, either direct or indirect, as to its speed at the crucial moment under section 511, i.e., "when traversing" the grade crossing. Similarly, there is no evidence to warrant defendants' proposed instruction 33, detailing the basic speed law (Veh. Code, § 510, now § 22350). We find no prejudice in the refusal of these instructions.

■■ Appellants also assert error in the refusal of the trial court to instruct that to look is to see and that to listen is to hear (BAJI 140). As has been pointed out, the instruction serves little useful purpose because it states only what is common knowledge (*Callahan* v. *Theodore*, 145 Cal.App.2d 336, 339-340 [302 P.2d 333]). In any event, prejudice in refusal thereof does not appear when, as here, there is conflicting evidence as to whether warning signals were sounded by the

moving train, and a major issue as to the point at which the moving train became visible, from behind the freight on the siding, to the driver of the approaching vehicle (*Wilson* v. *Foley*, 149 Cal.App.2d 726, 734-735 [309 P.2d 97]).

█ The court correctly instructed that the bell must be sounded *or* the whistle blown as the train approached the crossing (Pub. Util. Code, § 7604). Thus there was no error in refusing an instruction which merely elaborated on the fact that defendants were not required to give both warnings. Our case is distinguished, on its facts and on the other instructions given, from the authority relied upon by appellants (*Smellie* v. *Southern Pacific Co.*, 128 Cal.App. 567 [18 P.2d 97, 19 P.2d 982]).

█ In one of its instructions, the court said that if plaintiff established that defendants were negligent and that such negligence was a proximate cause of Mr. Miller's death, plaintiffs are entitled to recover damages. The element of contributory negligence was erroneously omitted from this one statement. Obviously, however, the omission was but inadvertent. Immediately before and immediately after the challenged instruction, the court gave detailed and proper instructions upon the nature and effect of contributory negligence. Viewing the instructions as a whole, it is completely clear that the jury could not have been misled. Thus there is no reversible error (*Martens* v. *Redi-Spuds, Inc.*, 113 Cal.App. 2d 10 [247 P.2d 605] ; *Sandoval* v. *Southern Cal. Enterprises, Inc.*, 98 Cal.App.2d 240, 253-254 [219 P.2d 928]).

Appellants assert error in other instructions given and refused. We find none. Furthermore, all such instructions relate to the issue of contributory negligence, as to which we find the instructions as a whole fair and complete.

Judgment affirmed.

Salsman, J., and Devine, J., concurred.

A petition for a rehearing was denied August 27, 1962.