[Civ. No. 501.   Fifth Dist.   Feb. 4, 1966.]

CLARENCE PRINCE SPARKS, Plaintiff and Appellant, v. PAUL DAVID BLEDSAW et al., Defendants and Respondents.

Kane & Canelo, Thomas J. Kane, Jr., and Robert Deabenderfer for Plaintiff and Appellant.

Jack B. Lamb for Defendants and Respondents.

BROWN (R.M.), J.—Plaintiff appeals from an adverse judgment, entered pursuant to the verdict of a jury, in an action for damages for personal injuries sustained by him in a motor vehicle accident. His motion for a new trial was denied. The named defendants are the adverse driver, Paul David Bledsaw, and his employer, Ens Building Supply. The word "defendant" as used hereinafter shall designate the defendant-driver Bledsaw.

Plaintiff's appeal is based on three grounds: That there is no substantial evidence to support the implied finding of the jury that the defendant was not negligent; error in giving and refusing to give instructions; and that the trial court erred in restricting the argument of plaintiff's counsel to the jury.

### The Facts

The accident occurred in the outer northbound lane on U.S. Highway 99 at a point south of Livingston, California, on a foggy morning at approximately 6:30 a.m. The plaintiff was riding as a passenger in a State of California dump truck driven by one Robert Pittser. Because of the traffic ahead being stopped in both northbound lanes, Pittser brought his truck to a halt in the outer northbound lane where it remained for a period of three to eight minutes prior to the impact. The defendant was driving a diesel tractor and trailer in the outer northbound lane on the highway with headlights on. As he approached the stopped cars he saw brake lights on the automobiles in the inside northbound lane at a distance of 150 to 250 feet in front of him, but he saw no lights in the outer northbound lane. He braked and slowed down and when approximately 50 feet behind the dump truck he saw "greyish orange metal." At that time he was traveling at approximately 25 to 34 miles per hour; he braked hard and whipped the tractor to the right; his trailer swung around on the wet pavement and the left rear bed of the trailer struck the right rear of the dump truck at a point even with the left rear axle of the trailer. After the impact the tractor-trailer left the paved surface of the highway and rested on an embankment, leaving skid marks measuring 153 feet. The dump truck then struck a vehicle which was stopped in the inner lane, coming to rest with its front in the divider strip.

Plaintiff brought an action for personal injuries and after a trial there was a defense verdict, from which the plaintiff appeals.

### Insufficiency of the Evidence

■ Plaintiff first contends that the evidence is insufficient to support the implied finding of the jury that the defendant was not negligent. His brief contains a short statement of his concept of the evidence from which he believes the jury should have found that the defendant was negligent; that such negligence proximately caused the collision; and that the plaintiff should have recovered. No case law is cited. The familiar rules so well stated in *Berniker* v. *Berniker,* 30 Cal.2d 439, at page 444 [182 P.2d 557], are here applicable: "As has so frequently been said, it is the general rule that on appeal an appellate court (1) will view the evidence in the light most favorable to the respondent; (2) will not weigh the evidence; (3) will indulge all intendments and reasonable inferences which favor sustaining the finding of the trier of fact; and (4) will not disturb the finding of the trier of fact if there is substantial evidence in the record in support thereof. [Citations.] It is not the province of the reviewing court to analyze conflicts in the evidence. [Citation.] Rather, when a finding of fact is attacked as being unsupported, the power of the appellate court begins and ends with a determination as to whether there is any substantial evidence contradicted or uncontradicted, which will uphold the disputed finding." (*French* v. *Brinkman,* 60 Cal.2d 547, 550 [35 Cal.Rptr. 289, 387 P.2d 1]; *Lipka* v. *Lipka,* 60 Cal.2d 472, 475 [35 Cal.Rptr. 71, 386 P.2d 671]; *Primm* v. *Primm,* 46 Cal.2d 690, 693 [299 P.2d 231].)

In support of his contention, plaintiff points to testimony of two police officers to the effect that the defendant's truck and trailer laid down 153 feet of skid marks; that, shortly after the accident, the defendant told one officer that he was traveling at a speed of 45 miles per hour at the time of the collision; that he was then driving a tractor and trailer with a combined weight of 25,000 pounds; that all witnesses agreed the weather was foggy; and that his vehicle struck the stopped dump truck from the rear. Plaintiff overlooks or ignores the fact that the evidence was sharply conflicting on numerous factual questions. Defendant admitted that when he was questioned by the investigating officer shortly after the accident he stated he was traveling at about 45 miles per hour, but testified that such statement was only an estimate

of his speed. He testified at the time of trial that as he approached the stopped cars, he was traveling 40 to 45 miles per hour; that he saw lights in the inside lane and slowed to 25 to 34 miles per hour; that he then saw the "greyish orange" colored body of the dump truck and applied his brakes hard and whipped to the right in an effort to avoid the impact. Further conflicts appear in that the plaintiff testified that the day appeared to be light and that visibility was 50 to 250 feet. Other witnesses testified that it was "real foggy and it was still dark"; that it was "before daylight and foggy"; that the "fog was awfully thick that morning." Perhaps the most significant conflict in the evidence occurred in connection with the lighted or unlighted condition of the rear of the dump truck. Pittser, the driver of the dump truck, testified that after he stopped he turned on the flasher light on the top of the cab, and that it had been on for three minutes prior to the accident. The defendant testified that he did not see any lights on the rear of the dump truck; that it was unlighted, except that it might have had its head-lights on, which he could not see. Alvin Coehn testified that he was riding in an automobile driven by Gilbert Gonzales in a northerly direction on Highway 99; that the dump truck had passed their car near Atwater some distance south of the scene of the accident; that at the time it passed its rear lights were on; that as they approached the stopped cars in the outer northbound lane, of which the dump truck was the last in line, Gonzales changed lanes and moved forward in the inner lane; that at that time the witness did not notice lights on the rear of the truck; that he never saw a flashing light on the top of the dump truck. Gilbert Gonzales testified that the rear lights were on when the dump truck passed his vehicle near Atwater and were on at the time he came up behind the stopped truck; that a yellow light on top of the dump truck was on; that this yellow light appeared to be turning around or blinking; that he did not see any other flashing yellow light in the vicinity of the accident; and that he did not see a flashing red light. As against his testimony, Robert Pittser, the driver of the dump truck, Franklin Crowell, one of the investigating officers, Melbourne Crabb, a maintenance man for the State of California, and John McKinney, a mechanic for the Division of Highways, all testified that at the time of the accident the flasher lights on the top of the dump truck were red and had been changed to amber some six months thereafter. Officer McDaniel testified

that there was an amber blinking caution light affixed to a post at the side of the highway at or near the scene of the accident.

In addition, the jury was permitted to view the dump truck at the request of the plaintiff and observe its lighting systems in operation. Such a view by the fact-finding entity constitutes "independent evidence of anything that a visual inspection would disclose" (*Chandler* v. *Hibberd,* 165 Cal. App.2d 39, 53 [332 P.2d 133]; *People* ex rel. *Dept. of Public Works* v. *Alexander,* 212 Cal.App.2d 84, 101 [27 Cal.Rptr. 720]) which the jury is entitled to weigh with all of the other evidence in the case (*People* ex rel. *Dept. of Public Works* v. *Bond,* 231 Cal.App.2d 435, 439 [41 Cal.Rptr. 900]; *Gibson* v. *Cobb,* 236 Cal.App.2d 226, 234 [46 Cal.Rptr. 57]), "and is substantial evidence in support of findings consonant therewith" (*Key* v. *McCabe,* 54 Cal.2d 736, 739 [8 Cal.Rptr. 425, 356 P.2d 169]). There was testimony that the rear lights were attached to the frame of the dump truck under the bed which extended over and outward from the position of the lights. Defendant argues that the jury could well have inferred from the testimony briefly summarized above and from their own visual inspection of the truck that even had the rear lights been in operation, they were not in a position to have been seen.

In short, the record discloses evidence from which the jury could go either way on the issue of negligence of the defendant as a question of fact, but it is not so clear or so free from conflict that this court can make such a determination as a matter of law.

### Claimed Error in Giving and Refusing to Give Instructions

Plaintiff next charges that the trial judge committed prejudicial error in refusing to give certain instructions proffered by him and in giving certain other instructions at the request of the defendant.

The record was augmented to include the reporter's transcript of the instructions which were given. However, the record does not indicate, as provided for in rule 4(d) of the California Rules of Court, (1) the party requesting the instruction or whether it was given on the court's own motion, (2) the number assigned to it, or (3) whether it was given or refused.

In *Connor* v. *Pacific Greyhound Lines,* 104 Cal.App.2d 746, at page 758 [232 P.2d 500], the court stated that "The

record does not show who proposed it. Respondents charge that it was offered by appellant, and appellant does not challenge this statement. Moreover, where the record does not show at whose request an instruction was given, it must be presumed that it was requested by the appellant.'' (See *Gong* v. *Firemen's Ins. Co.,* 202 Cal.App.2d 686, 695 [21 Cal.Rptr. 110], to the same effect.) Thus, under the above rule, it is unnecessary for us to discuss any of the instructions which the court actually gave.

■ As to the plaintiff's complaint that the court refused to give BAJI No. 149, it will be noted that in an examination of the clerk's transcript as to the refused *instructions,* the plaintiff failed to fill in the blank line for the statute, ordinance or safety order involved.

In the case of *Mapes* v. *Yowell,* 54 Cal.2d 231 [5 Cal.Rptr. 159, 352 P.2d 527, 87 A.L.R.2d 536], the Supreme Court had under consideration an instruction which was not conformed to the facts of the particular case. At page 234 of the opinion Justice McComb, speaking for the court, said: ''Plaintiff submitted the instruction without filling in the blanks or correcting it to conform to the facts of the case. The rule is established that an appellant cannot complain of failure to give a requested instruction which is incomplete or erroneous. [Citations.]

''Where an instruction is offered which cannot properly be given without modification, it is not error for the court to refuse it. [Citation.] In the present case it is obvious that plaintiff did not request a correct instruction from the trial court.''

■ Plaintiff next charges that the trial court erred in refusing to instruct the jury as to his instructions Nos. 7, 8, 9 and 11.[1] The trial judge marked each of these proposed instructions as ''refused, given in substance elsewhere.'' The instruction which was given and which embodies all the

---

[1] No. 7: ''The fact that a vehicle has collided with a car ahead tends to a conclusion that the driver of the overtaking vehicle was responsible for the collision.''

No. 8: ''Evidence that a moving vehicle has collided with another vehicle ahead of it furnishes at least some proof of negligence on the part of the driver of the colliding vehicle.''

No. 9: ''If it appears that the driver of the vehicle ahead was using due care, the mere fact that a driver of a vehicle runs down the vehicle ahead of him furnishes some evidence that he was either travelling at too high a rate of speed or following too closely.''

No. 11: ''The mere fact that a driver of a vehicle does run down the vehicle ahead of him furnishes some evidence that he either was driving at too high a rate of speed, or that he was following too closely the

elements and matters requested by plaintiff is found in BAJI No. 206 dealing with the doctrine of res ipsa loquitur. Both parties agree that this instruction was given and under the rule stated above it is unnecessary for us to make any further comment.

■ It is well settled that the trial court need not give more than one instruction on a given question of law (*Gress* v. *Rousseau*, 204 Cal.App.2d 149, 154 [22 Cal.Rptr. 64]), and there is no abuse of discretion in refusing to give an instruction on a subject adequately covered by other instructions given to the jury. (*Nordin* v. *Atchison, Topeka & S.F. Ry. Co.*, 202 Cal.App.2d 739, 744 [21 Cal.Rptr. 173].) A party is not entitled to have the subject matter of instructions given repeated by the court in different language. (*Ray* v. *Jackson*, 219 Cal.App.2d 445, 455 [33 Cal.Rptr. 339].)

■ In the case here under consideration, the trial court did instruct on the doctrine of res ipsa loquitur and did not give the "mere happening of an accident" instruction. The trial court's instruction on the subject adequately apprised the jury of all the matters which the instructions proposed by the plaintiff and refused by the court sought to present.

■ Without any argument to support plaintiff's charge of error, he claims that the court erred in refusing his proposed instruction No. 17, which reads as follows: "You are instructed as a matter of law that there is no issue of contributory negligence on the part of the plaintiff, Clarence Prince Sparks, and in the event you find by a preponderance of the evidence that the defendants were negligent and their negligence was a proximate cause of the accident, then your verdict must be in his favor."

The trial court gave BAJI No. 112, setting forth that the only issues involved in the case were negligence, proximate cause and damages. Further, during his argument to the jury, the plaintiff's counsel stated: "Let's just say this, as I understand it, ladies and gentlemen, the affirmative defenses of contributory negligence and assumption of risk, as I understand, there are going to be no instructions offered you

vehicle ahead of him. *((Indeed in)) inference [*sic*] of negligence arises against such driver, an inference that he is the one responsible for the accident. That inference must prevail unless and until defendant produces evidence to offset it; defendant has the burden of presenting sufficient evidence to dispel or equally balance the inference of negligence raised by law."

*Matter in double parentheses stricken out.

by the Court on either of those defenses. So that there's nothing for you to consider in that regard on those issues." The trial judge then said: "The question to be resolved so far as this jury is concerned is was or was not the defendant negligent in the operation of this truck. That's the first thing we are going to do. If they contend, and the evidence shows and they so feel he was not negligent, that is the end of the case. If they do find he was negligent, then they must find also was that negligence a proximate cause of the accident. If they find it was not the proximate cause of the accident, that's the end of that case. If they find it was the proximate cause of the accident, then they have the further issue to determine, was he damaged, and if he was injured, what is the amount and the extent. Those are three factors and no instruction will be given on that by mentioning contributory negligence or assumption of risk, which is just confusing the jury on issues they don't have to be concerned with."

Thus, plaintiff's counsel told the jury that contributory negligence on the part of the plaintiff was not an issue in the case. The trial judge then verbally instructed the jury that contributory negligence was not an issue and that the issues with which they were concerned were the negligence of the defendant, proximate cause and damages. The court, during its charge, formally gave BAJI No. 112 which again told the jury that the issues it was to determine were negligence, proximate cause and damages. It is difficult to see how the jurors, who are presumed to be persons of reasonable intelligence, could have been misled into believing that contributory negligence of the plaintiff was an issue in the case. It is notable that the subject of contributive negligence of the plaintiff made its first appearance in the closing argument of *plaintiff's* counsel.

While the plaintiff complains that BAJI No. 132.1, which includes the words "contributory negligence," was given by the judge, we are constrained to hold that under the rule stated in *Connor* v. *Pacific Greyhound Lines, supra,* 104 Cal. App.2d 746, he must be bound by this instruction even though we feel that the court inadvertently failed to strike out the words "contributory negligence."

Under the rules of appellate practice it is incumbent upon the appellant to present a proper record to the reviewing court. (*Utz* v. *Aureguy,* 109 Cal.App.2d 803, 807 [241 P.2d 639]; *Mears* v. *Mears,* 201 Cal.App.2d 408, 413-414 [20 Cal.

Rptr. 214].) Thus, with the presence of such a poor record, it must be conclusively presumed that no error occurred. (*Van Cise* v. *Lencioni*, 106 Cal.App.2d 341, 350 [235 P.2d 236].)

### Plaintiff's Summation to the Jury

Plaintiff lastly complains that the trial judge unduly restricted his counsel's argument to the jury by precluding him from discussing the evidence in the light of the applicable law and he was thus forced to argue the case "in a vacuum." It has consistently been held that counsel, as the advocate of his client's cause, has the right to discuss pertinent correct law and its application to the facts in his summation to the jury. A compilation of such cases so holding appears in *Hodges* v. *Severns*, 201 Cal.App.2d 99, at pages 114-115 [20 Cal.Rptr. 129]. Here, the record does not support the plaintiff's contention. After an examination of the arguments of plaintiff's counsel (consisting of 32 pages of the reporter's transcript), it is noted that he was permitted by the trial court to discuss fully his concept of what facts were established by the evidence and discuss the law thereon. Principles of law mentioned by him included that the plaintiff had the burden of proof in proving three things, namely, negligence, proximate cause and damages; that the burden is by a preponderance of the evidence; that the plaintiff does not have to prove his case beyond a reasonable doubt and to a moral certainty as in a criminal case; that preponderance means that the evidence favoring the plaintiff is more probable than that favoring the defendant on that issue; the doctrine of res ipsa loquitur; that where there is a violation of a statutory duty a presumption of negligence arises; that the defendant bears the burden of justifying a violation of a statute; that when a moving vehicle strikes a vehicle which is stopped on the roadway, a presumption of negligence on the part of the driver of the moving vehicle arises; that it is that driver's duty to rebut the presumption; and unless he does so, the presumption is evidence upon which the jury can base a finding of negligence, that discrepancies in the testimony of a witness do not mean that witness is to be distrusted; and that there were to be no instructions given on the affirmative defenses of contributory negligence and assumption of risk. The vice of the argument is that plaintiff's counsel continually told the jury: ". . . the court is going to instruct you"; ". . . the judge is going to instruct you. . . ." In one instance counsel advised the jury: "And here is the kicker, even if you decide that

State vehicle didn't have any lights, then you must determine that the court is going to advise you about the subject of negligence and that there is no negligence on the part of Clarence Sparks."

It was then necessary for the court to state, "I'm not going to instruct that way, Mr. Kane." While it is well established that counsel may discuss pertinent law and its application to the facts, it is equally well established that that right is subject to reasonable control of the court, and "the trial judge properly may insist that counsel not undertake to tell the jury what he, the judge, will say, . . ."(*Hodges* v. *Severns, supra,* 201 Cal.App.2d 99, 114.) The comments of the trial judge in ruling on objections by defendant's counsel to statements made during summation to the jury were proper.

The judgment is affirmed.

Conley, P. J., and Stone, J., concurred.

A petition for a rehearing was denied February 28, 1966, and appellant's petition for a hearing by the Supreme Court was denied March 30, 1966. Peters, J., Peek, J., and Mosk, J., were of the opinion that the petition should be granted.