977 F.2d 591
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Thomas Allen ROGERS, By and Through his Guardian Ad Litem,
Minnie ROGERS, Plaintiff-Appellant,
v.
UNITED STATES of America, Department of Transportation,
Defendant-Appellee.
 No. 90-15625.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 17, 1992.*
Decided Oct. 5, 1992.
 
 Before ALARCON, BOOCHEVER and CYNTHIA HOLCOMB HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Thomas Allen Rogers ("Rogers"), by and through his guardian ad litem Minnie Rogers, appeals from the judgment in favor of the United States on Rogers' action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, alleging negligent operation of a truck belonging to the United States Department of the Interior ("Interior Department"). Rogers suffered injuries when the truck, driven by Interior Department employee Pamela Sue Weakley ("Weakley"), collided with his bicycle on a road in Trinity National Forest. Rogers contends that the judgment in favor of the United States should be reversed because the district court erred in concluding that Weakley was not negligent. He makes the following arguments in support of this contention:
 
 
 3
 One. Weakley violated the 15 mile per hour prima facie speed limit allegedly applicable to the accident site under California Vehicle Code § 22352(a)(2). In conjunction with this assertion, Rogers appears to argue that Weakley's violation of the prima facie speed limit established negligence as a matter of law.
 
 
 4
 Two. Weakley violated the basic speed limit set forth in California Vehicle Code § 22350, because she knew that the visibility of the accident site was limited.
 
 
 5
 We affirm because, under California law, a violation of a prima facie speed limit does not establish negligence as a matter of law, and because the district court did not commit clear error in finding that Weakley was not negligent.
 
 I.
 
 6
 On July 11, 1984, at approximately 11:30 a.m., Rogers was riding his bicycle north on Trinity Dam Boulevard, a two-lane road that runs north and south in Trinity County, California. From Trinity Dam Boulevard, Rogers turned left onto a short, horseshoe-shaped road that provides access to Tunnel Rock Campground, a camping and picnic area. The Tunnel Rock Campground access road is approximately 300 feet in length. The southern end of the access road begins with an upward grade, levels off and then ends in a downward grade that returns at the northern end to its junction with Trinity Dam Boulevard. Rogers entered the access road with the intent of gaining speed and thus facilitating his trip north on Trinity Dam Boulevard, which requires a slight uphill climb.
 
 
 7
 After picking up speed on the access road's downhill grade, Rogers reentered Trinity Dam Boulevard without stopping. The access road has a solid line at its junction with Trinity Dam Boulevard. At the same time that Rogers crossed the southbound lane of Trinity Dam Boulevard to continue his trip in the northbound lane, Weakley was driving a government-owned truck in the southbound lane of Trinity Dam Boulevard. She saw Rogers enter Trinity Dam Boulevard from the access road. She applied her brakes and swerved to the left to avoid hitting Rogers, but was unable to do so. The truck hit Rogers causing him to suffer severe injuries.
 
 
 8
 On May 21, 1986, Rogers brought an action for negligence in the Superior Court of the State of California, County of Trinity, naming Weakley and the California Department of Transportation ("Cal Trans") as defendants. Weakley subsequently filed a petition for removal of the action in the United States District Court pursuant to 28 U.S.C. § 2679(d). Section 2679(d) provides that an action under the FTCA is the exclusive remedy for injury or loss resulting from the operation of a motor vehicle by a federal government employee acting within the scope of his or her employment. Upon removal, the United States was substituted as defendant in place of Weakley. On May 17, 1988, the complaint against Cal Trans was dismissed with prejudice in return for a waiver of costs by the State of California.
 
 
 9
 On December 13, 1989, prior to trial, the parties stipulated that the action would be bifurcated as to liability and damages. The district court found that Weakley was not negligent in operating the truck. The district court also found that Rogers was negligent in reentering Trinity Dam Boulevard without stopping or yielding the right of way to oncoming traffic and that his negligence was the sole cause of the accident. Based on these findings, the court entered a judgment in favor of the United States on February 16, 1990.
 
 
 10
 Rogers filed a timely notice of appeal on April 16, 1990. We have jurisdiction over the appeal from the district court's final judgment pursuant to 28 U.S.C. § 1291.
 
 II.
 
 11
 The FTCA constitutes a limited waiver of sovereign immunity by the United States for:
 
 
 12
 injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the [Government] while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.
 
 
 13
 28 U.S.C. § 2672. Actions against the United States under the FTCA are governed by the substantive law of the state where the allegedly tortious act or omission occurred. Id. Miller v. United States, 945 F.2d 1464, 1466 (9th Cir.1991); McMurray v. United States, 918 F.2d 834, 836 (9th Cir.1990). Because Rogers was injured in California, we must look to California law in evaluating the merits of his claim.
 
 
 14
 Rogers contends that the judgment in favor of the United States should be reversed because the district court mistakenly found that the location where the accident occurred was an intersection of an access road or driveway and a highway with a speed limit of 55 miles per hour. Rogers argues that the accident location is a blind "intersection of highways" for which California Vehicle Code § 22352(a)(2) establishes a prima facie speed limit of 15 miles per hour.
 
 
 15
 We review de novo the district court's construction of California law under the FTCA. McMurray, 918 F.2d at 836. We review the district court's determination of negligence for clear error. Barnett v. Sea Land Serv., Inc., 875 F.2d 741, 745 (9th Cir.1989); United States v. McConney, 728 F.2d 1195, 1204 (9th Cir.), cert. denied, 469 U.S. 824 (1984).
 
 
 16
 Section 22349 of the California Vehicle Code establishes a maximum speed limit of 55 miles per hour for anyone driving a vehicle on a highway. This general 55 mile per hour speed limit is modified by section 22352(a)(2), which establishes a prima facie speed limit of 15 miles per hour in the following situation:
 
 
 17
 When traversing any intersection of highways if during the last feet of the driver's approach to the intersection the driver does not have a clear and unobstructed view of the intersection and of any traffic upon all of the highways entering the intersection for a distance of 100 feet along all those highways, except at an intersection protected by stop signs or yield right-of-way signs or controlled by official traffic control signals.
 
 
 18
 Cal.Veh.Code. § 22352(a)(2). The term "highway" is further defined as "a way or place of whatever nature, publicly maintained and open to the use of the public for purposes of vehicular travel." Cal.Veh.Code § 360.
 
 
 19
 Even assuming that the prima facie speed limit of 15 miles per hour set forth in section 22352(a)(2) applies to the accident site, we conclude that, to establish liability, Rogers was required to prove that Weakley drove the truck in a negligent manner. Under California law, evidence of a statutory violation by the defendant ordinarily gives rise to a rebuttable presumption of negligence if the plaintiff is one of the class of persons for whose benefit the statute was enacted, the accident was of a kind the statute was designed to prevent, and the violation of the statute was the proximate cause of the plaintiff's injury. Cal.Evid.Code § 669; Sagadin v. Ripper, 175 Cal.App.3d 1141, 1163 (1986). This presumption does not apply to violations of a prima facie speed law. Cal.Veh.Code § 40831. Section 40831 provides as follows:
 
 
 20
 In any civil action proof of speed in excess of any prima facie limit declared in Section 22352 at a particular time and place does not establish negligence as a matter of law but in all such actions it shall be necessary to establish as a fact that the operation of a vehicle at the excess speed constituted negligence.
 
 
 21
 Cal.Veh.Code § 40831.
 
 
 22
 Pursuant to section 40831, Weakley's alleged violation of a prima facie speed limit does not demonstrate negligence as a matter of law under California law. Miller v. Norrthwestern Pac. R.R. Co., 206 Cal.App.2d 500, 501 (1962); Hardin v. San Jose City Lines, Inc., 41 Cal.2d 432, 438-39 (1953).
 
 
 23
 Therefore, a violation of the prima facie speed limit could only be considered as evidence of negligence. We believe, however, that the district court's findings indicate that regardless of whether there was a violation of § 22352(a)(2), Weakley was not negligent. The district court specifically found that: Weakley's speed was not excessive and was at or less than the speed driven by motorists in general at that location; she was not inattentive in operating the pick-up truck at the time of the accident; and her reaction to the imminent hazard of plaintiff suddenly entering into her direction of travel was consistent with what a reasonable person would do under the same or similar circumstances. The court also found that Roger's negligence was the sole cause of the accident
 
 
 24
 Consequently, any error in the court's finding concerning the inapplicability of section 22352(a)(2) was not prejudicial. Fed.R.Civ.P. 61 ("No error ... in any ruling ... is ground for ... disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice.").
 
 
 25
 In reviewing the district court's finding of negligence, we may affirm on any ground finding support in the record. Smith v. Block, 784 F.2d 993, 996 n. 4 (9th Cir.1986). The facts in this case support the conclusion that Weakley drove the truck as any other reasonably prudent person would have done in the same circumstances. Darrell Wilburn, a traffic engineer and an expert in accident reconstruction was called as a witness by Rogers. Wilburn testified that at the time of the accident, Weakley was travelling approximately 34 miles per hour. Wilburn's estimate was confirmed by Darrell Neufeld, an accident reconstruction expert who testified on behalf of the United States.
 
 
 26
 California Highway Patrol Officer William R. Price testified that he routinely patrolled the area of the accident. Price states that he believed the speed limit was 55 miles per hour. He also testified that the average speed of motorists driving in the area of the accident was between 45 and 55 miles per hour. Finally, Carl Bonomini, Deputy Director of Public Works in Charge of Engineering Design for Trinity County, testified that he believed the speed limit to be 55 miles per hour, he frequently drives past the location of the accident at a speed between 45 and 55 miles per hour, and other motorists typically pass the location in excess of 45 miles per hour.
 
 
 27
 A review of the facts also supports the district court's conclusion that Rogers was negligent in the operation of his bicycle, and that his negligence was the sole cause of his injuries. Rogers testified that he entered the access road for the sole purpose of gaining speed to aid his trip north on Trinity Dam Boulevard. He further stated that he did not stop at the junction of the campground road and Trinity Dam Boulevard. Rogers' high rate of speed and his failure to stop at the junction was confirmed by David Holmes, a witness to the accident.
 
 
 28
 Based on this evidence, we conclude that the district court did not commit clear error in finding that Weakley was not negligent.
 
 III.
 
 29
 Rogers next contends that the district court's judgment should be reversed because Weakley violated the basic speed law of California Vehicle Code § 22350 which states as follows:
 
 
 30
 No person shall drive a vehicle upon a highway at a speed greater than is reasonable or prudent having due regard for weather, visibility, the traffic on, and the surface and width of, the highway, and in no event at a speed which endangers the safety of persons or property.
 
 
 31
 Cal.Veh.Code § 22350. Rogers argues that Weakley's speed was unreasonable because (1) she was aware that summer was the busiest time of year at the campground, (2) she frequently travelled Trinity Dam Boulevard and was aware that there was a campground at the location of the accident; and (3) Weakley's view of traffic on the campground road was limited by trees and other foliage. We review the district court's finding that Weakley did not violate the basic speed law for clear error. Kruso v. International Telephone & Telegraph Corp., 872 F.2d 1416 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990).
 
 
 32
 The record does not support the contention that Weakley violated the basic speed law. Officer Price testified that on the day of the accident, Trinity Dam Boulevard was dry and in good condition. He also stated that he did not believe the road was dangerous or that any limited visibility of the campground road warranted a reduction in the speed of traffic. In addition, Darrell Neufeld testified that, in his opinion, Weakley was driving at a safe speed even though she did not have a clear view of the junction. The district court's finding that Weakley did not violate section 22350 was not clearly erroneous.
 
 
 33
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3