[Civ. No. 19036.   First Dist., Div. One.   Oct. 11, 1960.]

JUANITA BLYE, Appellant, v. ART AFFONSO et al.,
Respondents.

Smith & Parrish for Appellant.

Sedgwick, Detert, Moran & Arnold, Wallace E. Sedgwick
and James L. Gault for Respondents.

242

BRAY, P. J.—Plaintiff appeals from a judgment, after jury verdict in her favor for $650, in an action for personal injuries arising out of an automobile collision.*

## QUESTION PRESENTED

Inadequacy of damages.

In February, 1957, a truck owned and operated by defendants and an automobile in which plaintiff and her mother, Mrs. Brown, were riding, collided. Plaintiff claims to have received injuries in such collision.

## DAMAGES

Plaintiff contends that because she was awarded only $650—a sum only $39.43 in excess of her special damages, it appears that an inadequate verdict was returned because of passion and prejudice. She further contends that the cross-examination of Mrs. Brown in the consolidated case of *Brown* v. *Affonso* and the remark of defendants' counsel set forth in that case, caused the jury to be prejudiced against plaintiff Blye, who was Mrs. Brown's daughter. In his opening statement to the jury plaintiff Blye's counsel stated: "Outside of being a little bit bruised and shaken up and, of course, worried about her mother, . . . [Mrs. Blye] did not feel that she was hurt to any great extent. . . . [She] was feeling a little pain in her low back, but didn't think it sufficient to require any medical treatment. . . ." At home she "still had a little discomfort in her low back but not sufficient to require medical treatment . . . [S]he has been left without any residual." Plaintiff's main claim for damages was based upon her contention that a miscarriage occurred about 10 days after the accident (she then being about two months' pregnant), which her doctor opined was due to the accident. However, there was evidence that she had previous miscarriages in 1950, 1951, 1952 and 1953 (all under three months' pregnancy). Her own doctor conceded that this could constitute her a "habitual aborter" (meaning involuntary miscarriages). The jury were not bound to accept plaintiff's doctor's opinion as to the cause of the last miscarriage. (See *La Jolla Casa deManana* v. *Hopkins*, 98 Cal.App.2d 339, 345-346 [219 P.2d 871] ; Witkin, California Evidence, § 198, p. 219.) The jury also could, and probably did, reject plaintiff's testimony to the effect that she had received any appreciable injury in the accident.

*This action was consolidated for trial with *Brown* v. *Affonso,* 1 Civ. No. 19035, this day decided. See *ante*, p. 235 [8 Cal.Rptr. 156].

On plaintiff's motion for new trial, the contention of inadequacy of damages was presented to the trial court. ██ As said in *Kraut* v. *Cornell*, 175 Cal.App.2d 528, 531-532 [346 P.2d 438] : " '. . . Whether the contention is that the damages fixed by the jury are too high or too low, the determination of that question rests largely in the discretion of the trial judge. The appellate court has not seen or heard the witnesses, and has no power to pass upon their credibility.' [Citations.] ██ It is, of course, the responsibility of the trier of fact to evaluate the credibility of the witnesses and the weight to be given their testimony. [Citation.] ██ In this connection it should also be pointed out that the trier of fact may reject the uncontradicted testimony of a witness provided he does not act arbitrarily. [Citation.] Relevant in this respect are many considerations: interest of the witness in the result of the case, his motive, the manner in which he testifies, and the contradictions appearing in the evidence." As the court there said (p. 532), "Applying these principles to the facts in the instant case, it is apparent that the judgment must be affirmed."

Judgment affirmed.

Tobriner, J., and Duniway, J., concurred.