[Civ. No. 19658.   First Dist., Div. Two.   Aug. 3, 1961.]

CITY OF HAYWARD, Respondent, v. BENJAMIN B. UNGER et al., Defendants; GOODYEAR TIRE AND RUBBER COMPANY, Appellant.

Dinkelspiel & Dinkelspiel for Appellant.

J. W. Scanlon, City Attorney, and Breed, Robinson & Stewart for Respondent.

DRAPER, J.—Defendant lessee appeals from judgment in this eminent domain proceeding, which was tried to the court sitting without a jury.

Plaintiff city proposed to widen "A" Street for but one block. Appellant is the lessee of a store building on the north side of this street. Immediately adjoining the leasehold, on the west, is the corner lot, occupied by a department store. For what it describes as "economic reasons" the city decided not to take as much of this corner property as of the remainder of the block. The result is that the building occupied by appellant was moved back so that its front line is set back 3 feet farther than that of the building immediately to the west. The resulting adverse effect upon visibility of appellant's building and of a sign formerly projecting beyond it are the items of claimed damage here in dispute. The owner of the building settled its claim for the property actually taken by the city, but a stipulation reserved to appellant its claim for severance damages, if any, to the leasehold. Only this issue was tried.

The trial court found that severance damages were suffered, but that the improvement benefitted the leasehold by an amount exceeding such damage, and entered judgment allowing appellant no compensation (Code Civ. Proc., § 1248, subd. 3).

Appellant asserts error in the allowance of special

benefits as an offset to the lessee's severance damages. Much of the argument is directed to the facts. But the record makes clear that the expert witness upon this subject was fully advised of the distinction between general and special benefits. He testified that the widening of this block of "A" Street increased the flow of traffic past appellant's store, and thus directly and specially benefitted appellant's property, over and above the general benefit to the neighborhood. This evidence supports the factual determination of the trial court. Beyond this, the argument upon the facts is not for this forum.

Appellant does, however, suggest that as a matter of law increase of traffic is a general, rather than a special benefit. The rule is clear that only special benefits, which directly enhance the value of the property remaining after condemnation, can be offset against severance damages. General benefits, accruing to the community or the neighborhood as a whole, cannot be so offset (*Beveridge* v. *Lewis,* 137 Cal. 619, 623-626 [67 P. 1040, 70 P. 1083, 92 Am.St.Rep. 188, 58 L.R.A. 581]). But few California cases involve this question, and as a result the distinction between general and special benefits is by no means clearly drawn. Decisions from other jurisdictions are conflicting, and in general do little more than point up the difficulty of stating a rule of broad application (see cases collected at 145 A.L.R. 40 et seq.).

The bases for refusing offset of general benefits are usually stated to be the unfairness of charging only to condemnees benefits which accrue to the entire neighborhood or community, and the uncertainty and speculation involved in attempting to apportion such benefits.

Whatever the difficulty of formulating a general statement, the California rule seems reasonably clear as to the particular facts here involved. It has been held that special benefits resulting from opening of a highway are established by testimony as to "both the benefit that would result from access and transportation facilities, and also the benefit to the frontage upon the highway and added value that would accrue to land fronting thereon if the highway was put through" (*County of Los Angeles* v. *Marblehead Land Co.,* 95 Cal.App. 602, 615 [273 P. 131]). We are unable to distinguish, in this respect, between the construction of a new roadway and the improvement of an existing one. It follows that the finding of special benefits here is not barred as a matter of law. As we have pointed out, the testimony of the

condemner's expert carefully distinguished between general and special benefits and the trial court indicated a clear awareness of the problem. ▓▓▓ We conclude that the existence and nature of the claimed benefits constituted a question of fact for the trial court.

Appellant's contention that the trial court failed to consider options for renewal of the lease in determining severance damages becomes moot, since the special benefits found would exceed any damages which could be found under an extended lease. Similarly, it is unnecessary to consider respondent's claim that no severance damages in fact accrued.

Judgment affirmed.

Kaufman, P. J., and Shoemaker, J., concurred.