[Civ. No. 407.    Fifth Dist.    Dec. 22, 1964.]

THE PEOPLE ᴇx ʀᴇʟ. DEPARTMENT OF PUBLIC
WORKS, Plaintiff and Appellant, v. ANALETHA
BOND, Defendant and Respondent.

Harry S. Fenton, R. B. Pegram, Joseph A. Montoya, Ray M. Steele, Charles E. Spencer, Jr., and George C. Hadley for Plaintiff and Appellant.

Hansen & Dolle and Henry F. Walker for Defendant and Respondent.

BROWN (R. M.), J.—This appeal originated in a proceeding in eminent domain brought by the plaintiff-appellant against Analetha Bond, a defendant in the court below and respondent here. There were other defendants who are not parties to this appeal, in consequence of which Analetha Bond will be referred to hereinafter as the defendant. The condemnation proceeding sought to acquire lands which are a part of a larger parcel owned by defendant and situated in Riverside County for the construction, maintenance and operation of a freeway and new frontage road and for the relocation of a portion of State Highway 187.

A jury assessed the total fair market value of the various

parcels taken at $21,735, severance damages at $21,000 and found that special benefits of the value of $1,000 would accrue to the remainder of the defendant's property by reason of the construction of the improvements in the manner as proposed by the plaintiff. The verdict was incorporated in the findings of fact and conclusions of law made by the trial judge. Judgment was entered accordingly in the total sum of $41,735. Plaintiff's motion for a new trial was denied. Plaintiff appeals from those portions of the judgment which relate to severance damages and the value of special benefits.

Plaintiff's primary contention is that the evidence is insufficient to support the jury's valuation of special benefits in that the amount assessed is outside the range of the valuation testimony. We have concluded that there is substantial evidence to support this portion of the verdict and that the judgment must be affirmed.

This case is here on a settled statement pursuant to the provisions of rule 7, California Rules of Court. Evidence to support the findings of fact and conclusions of law and the judgment must appear in the settled statement (*Kovacik* v. *Reed*, 49 Cal.2d 166, 170 [315 P.2d 314]) ; we are bound to assume that enough appears in the settled statement to enable us to decide whether reversible error was committed; and we must make our ruling upon what is affirmatively shown by the record (*Estate of Pierce*, 32 Cal.2d 265, 274 [196 P.2d 1]; *Sloan* v. *Stearns*, 137 Cal.App.2d 289, 293 [290 P.2d 382].)

The settled statement discloses that three qualified valuation witnesses testified. Each of the three gave as the bases for his opinion as to the value of the special benefits which would accrue to the remaining property of the defendant the fact that a portion of the existing State Highway 187 which ran across defendant's property would be physically abandoned by reason of the relocation of that highway thus giving defendant additional land unencumbered by the surface highway usage, and the construction of a new frontage and access road along the easterly boundary of defendant's property. Mr. Robert G. Hill, produced by defendant, testified that the value of special benefits was $3,308.50. Mr. Shaler Wilder, called by the plaintiff, testified that the value of special benefits was $5,850. Plaintiff's witness, Mr. Edward Grigsby, testified that the value of the special benefits was $2,950. Thus, the special benefits verdict of the jury was $1,950 less than the lowest opinion, that of Mr. Grigsby.

It has been held that an award in excess of the highest

valuation testimony (*People* ex rel. *Dept. of Public Works* v. *McCullough,* 100 Cal.App.2d 101 [223 P.2d 37]) or an award less than the lowest value testified to by an expert witness (*Redevelopment Agency* v. *Modell,* 177 Cal.App.2d 321 [2 Cal. Rptr. 245]) is without evidentiary support (*People* v. *Hayward Bldg. Materials Co.,* 213 Cal.App.2d 457, 464 [28 Cal. Rptr. 782]); and expert evaluations may not be disregarded where there is no reasonable basis in the record for so doing (*Los Angeles County Flood etc. Dist.* v. *McNulty,* 59 Cal.2d 333, 338 [29 Cal.Rptr. 13, 379 P.2d 493]). █ But where there is other independent evidence in the record bearing directly on the issue of value, the trier of fact must necessarily consider that evidence, together with the valuation testimony, in assessing either fair market value, the amount of severance damages, or the value of special benefits. In *Los Angeles County Flood etc. Dist.* v. *McNulty, supra,* 59 Cal.2d 333, at page 338, the court stated: ". . . in these circumstances the fact that the award of severance damages was $650 lower than the lowest expert estimate does not mean that the award was without support in the record." The last cited case was relied upon to save the judgment in *Los Angeles City High School Dist.* v. *Swensen,* 226 Cal.App.2d 574 [38 Cal.Rptr. 214], where, in addition to the expert valuation testimony, there was evidence of comparable sales of other properties. The verdict and judgment in this case also find a reasonable basis in the record. As noted, one of the elements constituting the special benefits is the new frontage road giving convenient access to Highway 99. Mr. David Henry, a civil engineer in the employ of the State of California, Division of Highways, was called as a witness by plaintiff. He testified that he was familiar with the highway construction and the property of the defendant. The settled statement shows that he then testified: "He stated this frontage road was constructed to extend easterly from the Bond property and border Highway 99 on the north and would connect with Highway 99 about one-quarter mile to the east of the Bond property. He further testified that in about 1972 this frontage road would be constructed to extend on easterly some three miles to Indian Avenue and that the direct access to Highway 99 would be closed."

█ Benefits resulting from an access road which enhances the convenient ingress to and egress from the defendant's property constitute special benefits for which a jury may properly award an allowance. (*People* ex rel. *Dept. of Public Works* v. *Edgar,* 219 Cal.App.2d 381, 384 [32 Cal.Rptr. 892],

and cases there cited.) ▮ But in determining the fair value of the benefit, the known duration of the access road in the manner proposed, when that factor has been shown by the evidence, is an important consideration. In *People* ex rel. *Dept. of Public Works* v. *Edgar, supra,* 219 Cal.App.2d 381, the argument was made that at some time in the future some change might be made which would deprive the appellants of access rights which had been found to be a special benefit. At page 386 of the opinion, the court said: "As stated in *People* v. *Thomas,* 108 Cal.App.2d 832, 837-839 [239 P.2d 914], special benefits to be deducted from severance damages must be assessed as of the time of the taking of the property, and the mere possibility that the benefits might subsequently be terminated by the condemner does not preclude the deduction of the benefit although *it may properly be considered in determining its present value.*" (Italics added.)

▮ Thus, affirmative testimonial evidence of a present plan to alter the frontage road in the future, which alteration would actually impair to a considerable extent the convenient ingress to and egress from the defendant's property may properly be considered in determining the present value of the road as a special benefit.

The appellant refers us to the cases of *People* v. *Symons,* 54 Cal.2d 855, 861 [9 Cal.Rptr. 363, 357 P.2d 451]; *County Sanitation District No. 2* v. *Averill,* 8 Cal.App.2d 556 [47 P.2d 786]; *People* v. *Emerson,* 13 Cal.App.2d 673 [57 P.2d 955]; and *People* ex rel. *Dept. of Public Works* v. *Hurd,* 205 Cal.App.2d 16, 24 [23 Cal.Rptr. 67]. Those cases have no application here. They stand for the proposition that a condemnee may not recover damages to the remainder of his land caused by the manner in which the works are to be constructed or operated on the lands of others, or for some future project to be constructed upon the lands of another. None of those cases deals with a present plan to alter in the future to the detriment of the condemnee the very thing which it is now claimed constitutes a benefit.

The record also shows that after the testimony of Mr. Henry, the jury viewed the premises of the defendant and the completed construction. ▮ Numerous cases dealing with the subject of eminent domain have held that ". . . the jury's view of the premises constituted independent evidence which it was entitled to weigh in fixing the value of the property." (*People* ex rel. *Dept. of Public Works* v. *Alexander,* 212 Cal. App.2d 84, 101 [27 Cal.Rptr. 720]; *Rose* v. *State of Cali-*

*fornia,* 19 Cal.2d 713, 733 [123 P.2d 505]; *County of San Diego* v. *Bank of America,* 135 Cal.App.2d 143, 149 [286 P.2d 880]; *Anderson* v. *State of California,* 61 Cal.App.2d 140, 145 [142 P.2d 88].) The same rule applies when the jury is fixing the value of the special benefits. Plaintiff's reliance upon the case of *Redevelopment Agency* v. *Modell, supra,* 177 Cal. App.2d 321, 326, for the proposition that a jury cannot, solely on the basis of its view, render a verdict less than the lowest valuation opinion is misplaced. It overlooks the use of the words "solely on the basis of its view." In that case there was only the valuation testimony and a jury view. ■ In our case we have something more; we have testimony of a present plan to alter the access road in the future, cutting off direct access to Highway 99. Thus, the jury could view the property in relation to the access road as constructed and in relation to the access road as it is proposed to be altered in the future, and that view would itself constitute ". . . 'independent evidence that can be taken into consideration in determining the issue of the case.' " (*Gibson Properties Co.* v. *City of Oakland,* 12 Cal.2d 291, 297 [83 P.2d 942].)

We are also mindful of the fact that the trial judge twice passed upon the sufficiency of the evidence to support the special benefits award, first, when he made and entered his findings of fact and conclusions of law and the judgment, and second, when he denied plaintiff's motion for a new trial at which time the same contentions here made were presented to him. ■ The primary responsibility for determining whether a new trial should be granted because of insufficiency of the evidence rests in the trial judge. In making that determination he is vested with a broad judicial discretion. (*Blye* v. *Affonso,* 185 Cal.App.2d 241, 243 [8 Cal.Rptr. 155].) No abuse of discretion has been shown.

No claim is made that the award of severance damages is erroneous. Plaintiff's contention is that the jury erred in assessing the value of special benefits, and that severance damages and special benefits are so interwoven as to be inseparable issues; thus a reversal as to the issue of special benefits will necessitate retrial of the issue of severance damages as well. Since we have concluded that the judgment must be affirmed, the determination of the question of severability of these issues for purposes of retrial will be left to another court at a future date.

The judgment is affirmed.

Conley, P. J., and Stone, J., concurred.