[No. D021532. Fourth Dist., Div. One. Aug. 28, 1995.]

SAN DIEGO METROPOLITAN TRANSIT DEVELOPMENT BOARD,
Plaintiff and Respondent, v.
PRICE COMPANY, Defendant and Appellant.

1542

COUNSEL

Asaro, Keagy, Freeland & McKinley, Roscoe D. Keagy and Richard R. Freeland for Defendant and Appellant.

Best, Best & Krieger, Bruce W. Beach and James B. Gilpin for Plaintiff and Respondent.

OPINION

McDONALD, J.—The Price Company (Price) appeals a judgment in condemnation. The trial court excluded from jury consideration evidence of access impairment as an element of severance damages. Price asserts prejudicial error by the exclusion of the evidence.

Price owns a 9.205-net-acre parcel of land (Price Land) in the City of Santee, California, located at the southeast corner of Cuyamaca Street, which is a north-south street, and Buena Vista Avenue, which is an east-west street.

In connection with the construction and use of a north-south light rail transit line located in the center of Cuyamaca Street, the San Diego Metropolitan Transit Development Board (MTDB) filed this condemnation action to acquire (i) a permanent easement along the westerly boundary of the Price Land extending in width from approximately 6.5 feet to approximately 17.5 feet measured perpendicularly in an easterly direction from Cuyamaca Street, and (ii) a temporary "construction easement" over a 12-foot-wide strip of the Price Land contiguous with and easterly of the permanent easement.

Construction of the transit line in the center of Cuyamaca Street includes the installation of concrete berms adjacent and parallel to the rail line from Prospect Avenue, which is an east-west street south of the Price Land, north to Buena Vista Avenue. As a result, existing direct vehicular access to and from the Price Land will become unavailable from and to the southbound traffic lanes of Cuyamaca Street. Existing direct vehicular access to and from the Price Land will remain available (i) from and to the northbound traffic lanes of Cuyamaca Street, and (ii) from and to Buena Vista Avenue. Indirect vehicular access to and from the Price Land will remain available from and to the southbound traffic lanes of Cuyamaca Street by making (i) a left turn at the intersection of Cuyamaca Street and Buena Vista Avenue, and (ii) a U-turn at the intersection of Cuyamaca Street and Prospect Avenue.

Price's offer of proof of $451,101 in severance damages, of which apparently $325,101 was attributable to impairment of direct vehicular access to and from the southbound traffic lanes of Cuyamaca Street, was denied by the trial court; it held there were no compensable severance damages resulting from impairment of access.[1] The parties then waived a jury determination of value, and the trial court entered judgment[2] in condemnation in favor of MTDB, awarding damages to Price in the amount of $123,298, allocated as follows:

| | |
|---|---|
| Value of permanent easement | $ 92,648 |
| Value of temporary easement | 1,000 |
| Severance damages (cost to cure) | 29,650 |
| Total | $123,298 |

Before July 1, 1976, Price would have had no claim in this condemnation action for access impairment severance damages because the improvement in Cuyamaca Street causing the impairment is not located on the Price Land. (See *People* v. *Symons* (1960) 54 Cal.2d 855 [9 Cal.Rptr. 363, 357 P.2d 451].) Price may have had an inverse condemnation claim in a separate action for access impairment. (See, e.g., *Bacich* v. *Board of Control* (1943) 23 Cal.2d 343 [144 P.2d 818].) Effective July 1, 1976, Code of Civil Procedure section 1263.420 was enacted to provide in part:

"Damage to the remainder is the damage, if any, caused to the remainder by . . .

---

[1]No severance damage issue is presented in this appeal other than claimed severance damages for impairment of access.

[2]Although the complaint in this action seeks condemnation of two easements, the judgment in condemnation entered May 2, 1994, states the property is condemned "in fee and temporary construction easement." This apparent inconsistency has not been raised as an issue in this appeal.

". . . . . . . . . . . . . . . . . . . . . . . . . . .

"(b) The construction and use of the project for which the property is taken in the manner proposed . . . whether or not the damage is caused by a portion of the project located on the part taken."

Price may therefore assert in this action a severance damage claim for diminution in value of the Price Land caused by the construction and use of the project—that is, the construction and use of berms in Cuyamaca Street which eliminate direct vehicular access to and from the Price Land from and to the southbound traffic lanes of Cuyamaca Street.

 The trial court determines whether there is a compensable impairment of access permitting an award of damages, and, if so, the amount of damages is submitted to the jury for determination. (See *Orpheum Bldg. Co.* v. *San Francisco Bay Area Rapid Transit Dist.* (1978) 80 Cal.App.3d 863 [146 Cal.Rptr. 5]; *People* v. *Ricciardi* (1943) 23 Cal.2d 390 [144 P.2d 799]; *People* v. *Sayig* (1951) 101 Cal.App.2d 890 [226 P.2d 702]; see 1 Matteoni & Veit, Condemnation Practice in Cal. (Cont.Ed.Bar 2d ed. 1995) § 5.22, pp. 210-211, and § 9.23, pp. 400-402.) In this case the trial court determined there was no compensable impairment of access because the impairment was not substantial, unreasonable or significant.

The California courts have struggled with the identification and extent of the right of access which a real property owner has in the abutting street. Justice Traynor, dissenting in *Bacich* v. *Board of Control, supra,* 23 Cal.2d at page 371, was of the opinion: ". . . that the right of ingress and egress is limited to adequate and reasonable access to the property from the street, that it does not extend to the full width of the street, or to the full length thereof, or even to all points upon the street in front of the abutting property. It is sufficient if there is access to a street that in turn connects with the general street system. Any improvement that does not materially interfere with such access does no compensable damage."

However, the majority of the California Supreme Court in *Bacich* determined that the property owner's "right of access" is more extensive and includes access to the abutting public street and along that street in both directions to the next intersecting streets. (*Bacich* v. *Board of Control, supra,* 23 Cal.2d at p. 354; see also *Beals* v. *City of Los Angeles* (1943) 23 Cal.2d 381 [144 P.2d 839].) The property owner in *Bacich* was held to have compensable access impairment damages when the street abutting the property was terminated in one direction by the creation of a cul de sac before reaching the next intersecting street.

By rejecting the Traynor view of a limited right of access, the *Bacich* court majority recognized that its decision would require a case-by-case review of compensable impairment of access claims when it stated ". . . we are here concerned with the particular facts of this case and do not purport to declare the law for all cases under all circumstances." (*Bacich v. Board of Control, supra,* 23 Cal.2d at p. 355.)

Consequently, subsequent access impairment cases have analyzed in detail each factual situation with results that are seemingly inconsistent and irreconcilable.[3] Access impairment damages have been upheld when the access along the street in both directions to the next intersecting street was not impaired other than by increasing the travel distance necessary to reach the next intersecting street. (*People v. Ricciardi, supra,* 23 Cal.2d 390.) Access impairment damages have been denied when access along the street to the next intersecting streets was permitted in only one direction (*People v. Sayig, supra,* 101 Cal.App.2d 890; *People v. Ayon* (1960) 54 Cal.2d 217 [5 Cal.Rptr. 151, 352 P.2d 519]), when access along the street remains available to only one of the next intersecting streets (*Breidert v. Southern Pac. Co.* (1964) 61 Cal.2d 659 [39 Cal.Rptr. 903, 394 P.2d 719]) and when access along the street remains available but the distance to intersecting streets has been substantially increased (*People* ex rel. *Dept. Pub. Wks. v. Becker* (1968) 262 Cal.App.2d 634 [69 Cal.Rptr. 110]; *People* ex rel. *Dept. Pub. Wks. v. Home Trust Investment Co.* (1970) 8 Cal.App.3d 1022 [87 Cal.Rptr. 722]). In *Brumer v. Los Angeles County Metropolitan Transportation Authority* (1995) 36 Cal.App.4th 1738 [43 Cal.Rptr.2d 314]), the most recent of the published access impairment cases, the court undertook the daunting task of reviewing 50 years of cases, unsuccessfully seeking a consistent standard which could be applied to the facts of that case.

The approach of Justice Traynor in the *Bacich* case—that a right of access real property interest be defined and if taken or impaired compensation be paid[4]—has not been the history of access impairment in California. The law has developed with the facts of each case being considered in the context of

---

[3]". . . [E]ach impairment-of-access case is decided on the particular fact situation presented, with little reliance placed on judicial precedent. Among the court decisions can be found authority in favor of or against compensability on virtually any set of facts." (1 Matteoni & Veit, Condemnation Practice in Cal., *supra,* § 5.17, p. 206.)

[4]In *Bacich* Justice Traynor stated: "The basic question in this appeal is whether the property that plaintiff alleged was taken or damaged existed at all. If the abutting owner has an easement in the street longitudinally to the next intersection in each direction, compensation must be paid for the impairment of that easement. [Citation.] If he does not have such an easement he can have no recovery even though the value of the abutting property may be diminished as a result of the improvement." (*Bacich v. Board of Control, supra,* 23 Cal.2d at p. 369.)

a general standard rather than a specific property right. ■ The conclusion drawn from the many cases is that compensable access impairment exists if there is a "substantial" impairment of access to the abutting street and from there to the general system of public streets. (See *Breidert* v. *Southern Pac. Co.*, *supra*, 61 Cal.2d at p. 664; *Brumer* v. *Los Angeles County Metropolitan Transportation Authority*, *supra*, 36 Cal.App.4th at p. 1745 and authorities cited.) This general standard has been applied in condemnation cases (*People* v. *Sayig*, *supra*, 101 Cal.App.2d 890; *People* v. *Ayon*, *supra*, 54 Cal.2d 217; *People* ex rel. *Dept. Pub. Wks.* v. *Becker*, *supra*, 262 Cal.App.2d 634; *People* ex rel. *Dept. Pub. Wks.* v. *Home Trust Investment Co.*, *supra*, 8 Cal.App.3d 1022) and in inverse condemnation cases (*Rose* v. *State of California* (1942) 19 Cal.2d 713 [123 P.2d 505]; *Bacich* v. *Board of Control*, *supra*, 23 Cal.2d 343; *Breidert* v. *Southern Pac. Co.*, *supra*, 61 Cal.2d 659; *Orpheum Bldg. Co.* v. *San Francisco Bay Area Rapid Transit Dist.*, *supra*, 80 Cal.App.3d 863). It does not matter whether the issue of compensable damages for impairment of access arises in a condemnation or inverse condemnation action; the issues are the same. (See *People* v. *Ricciardi*, *supra*, 23 Cal.2d at p. 400; *Breidert* v. *Southern Pac. Co.*, *supra*, 61 Cal.2d at p. 663, fn. 1; 2 Matteoni & Veit, Condemnation Practice in Cal., *supra*, § 13.1, p. 586.)

Whether the access impairment is "substantial" has been stated to be an issue of fact (*Rose* v. *State of California*, *supra*, 19 Cal.2d 713), an issue of law (*Breidert* v. *Southern Pac. Co.*, *supra*, 61 Cal.2d at p. 664), a mixed issue of law and fact (*People* ex rel. *Dept. Pub Wks.* v. *Becker*, *supra*, 262 Cal.App.2d 634, 639) and ". . . a mixed question of law and fact, decided predominately as a question of law" (*Brumer* v. *Los Angeles County Metropolitan Transportation Authority*, *supra*, 36 Cal.App.4th at p. 1745). If the issue is one of fact, this court is to determine if the ruling of the trial court is supported by substantial evidence. (See *Rose* v. *State of California*, *supra*, at pp. 728, 729.) If the issue is one of law, this court is to review the ruling of the trial court de novo. (See, e.g., *Parsons* v. *Bristol Development Co.* (1965) 62 Cal.2d 861 [44 Cal.Rptr. 767, 402 P.2d 839]; *Dean W. Knight & Sons, Inc.* v. *State of California* ex rel. *Dept. of Transportation* (1984) 155 Cal.App.3d 300 [202 Cal.Rptr. 44].)

If the limited view of the right of access espoused by Justice Traynor in his *Bacich* dissent had prevailed, the trial court would be required only to determine if there was an impairment of that right and that determination could fairly be considered a matter of law. However, that view has not prevailed and the trial court is required to compare the access available to the particular property before and after the impairment and then decide if the

impairment is substantial. This determination requires the consideration of extensive evidence of the effect of the impairment of access to the property which existed before the impairment. Although many appellate courts have stated they are treating the issue of substantial access impairment as one of law, it appears that if there is an impairment of access to the abutting street and from there to the general system of public streets the trial court findings of "substantial" impairment have been reviewed using a substantial evidence test. (See, e.g., *Rose* v. *State of California*, *supra*, 19 Cal.2d 713; *People* v. *Ricciardi*, *supra*, 23 Cal.2d 390; *Beckham* v. *City of Stockton* (1944) 64 Cal.App.2d 487 [149 P.2d 296]; *Orpheum Bldg. Co.* v. *San Francisco Bay Area Rapid Transit Dist.*, *supra*, 80 Cal.App.3d 863; *People* ex rel. *Dept. Pub. Wks.* v. *Becker*, *supra*, 262 Cal.App.2d 634; *People* ex rel. *Dept. Pub. Wks.* v. *Home Trust Investment Co.*, *supra*, 8 Cal.App.3d 1022; *Brumer* v. *Los Angeles County Metropolitan Transportation Authority*, *supra*, 36 Cal.App.4th 1738.)[5] The recent *Brumer* decision is instructive. After unsuccessfully seeking a common thread in 50 years of cases, attempting to find common elements when "substantial" impairment had been found and dissimilar elements when "substantial" impairment had not been found, the court simply concluded ". . . the trial court's finding of no actionable interference with access [is] supported by the law and evidence." (*Brumer*, *supra*, at p. 1752.) Because of the factual nature of the inquiry, which is unique to each property, we view the trial court's determination of "substantial" impairment as a determination to be sustained if it is supported by substantial evidence. (See *People* ex rel. *Dept. Pub. Wks.* v. *Home Trust Investment Co.*, *supra*, 8 Cal.App.3d at p. 1028; *People* ex rel. *Dept. of Pub. Wks.* v. *Becker*, *supra*, 262 Cal.App.2d 634.) The characterization of the issue of substantial impairment as one of law means only that the compensability issue is a court issue and not a jury issue; the jury issue is limited to the amount of damages.

■ In this case the trial court considered evidence that the access impairment only increased the distance of travel from the property to the southbound lanes of Cuyamaca Street, that the highest and best use of the property before and after the impairment remained the same, and that the property could be used for the same purposes before and after the impairment. There was no evidence that the impairment would prevent or deter access to any particular type of vehicle, like a delivery truck, or decrease the number of vehicles to which the property is available. (See, e.g., *Goycoolea* v. *City of Los Angeles* (1962) 207 Cal.App.2d 729 [24 Cal.Rptr. 719].)

---

[5]Both parties in this case have submitted briefs based upon a substantial evidence review standard.

This evidence is substantial and sufficient to support the determination of the trial court. (See *Holman* v. *State of California* (1950) 97 Cal.App.2d 237 [217 P.2d 448]; *People* ex rel. *Dept. of Public Works* v. *Wasserman* (1966) 240 Cal.App.2d 716 [50 Cal.Rptr. 95]; *People* ex rel. *Dept. Pub. Wks.* v. *Home Trust Investment Co., supra,* 8 Cal.App.3d 1022; *People* v. *Sayig, supra,* 101 Cal.App.2d 890; *People* v. *Ayon, supra,* 54 Cal.2d 217; *Brumer* v. *Los Angeles County Metropolitan Transportation Authority, supra,* 36 Cal.App.4th 1738.)

Price contends that even if the impairment of access in this case may not be compensable were it the result of traffic regulations adopted by the State of California, the County of San Diego or the City of Santee pursuant to the "police power," the "police power" cannot be delegated to MTDB and any impairment of access by MTDB, even if not substantial, is compensable.

The distinction asserted by Price between exercise of police power by traffic regulation and exercise of condemnation power in the context of this case is not supported by statute or case law. Price has not cited, and we have not found, any authority in which an impairment of access was held to be compensable although not substantial. On the contrary, there are numerous cases in which no "police power" authority was asserted yet required substantial impairment as a condition of compensability. (*People* ex rel. *Dept. Pub. Wks.* v. *Becker, supra,* 262 Cal.App.2d 634; see *Beckham* v. *City of Stockton, supra,* 64 Cal.App.2d 487; *Brumer* v. *Los Angeles County Metropolitan Transportation Authority, supra,* 36 Cal.App.4th 1738.) Price acknowledges that MTDB has the right to "construct or maintain roads, highways, or other crossings over any public or private lands" (Pub. Util. Code, § 120244) and has the "right of eminent domain in the manner provided by law for the condemnation of private property for public use" (*id.,* § 120242). Because MTDB has the power of condemnation of private property, it is unnecessary to decide if MTDB also has the right to implement "police power" traffic control measures. The issue remains whether the impairment was substantial.

If the impairment of access is not substantial, the access impairment is not compensable whether the impairment is the result of the exercise of "police power" to regulate traffic or the result of condemnation proceedings unrelated to the purported exercise of "police power."

## DISPOSITION

The judgment is affirmed.

Huffman, Acting P. J., and Haller, J., concurred.