62 Cal.App.4th 1296 (1998)
ROBERT LEONARD, JR., et al., Plaintiffs and Appellants,
v.
THE PEOPLE ex rel. DEPARTMENT OF TRANSPORTATION, Defendant and Respondent.
Docket No. B106519.
Court of Appeals of California, Second District, Division Four.
April 7, 1998.
*1298 COUNSEL
Sullivan, Workman & Dee, Henry K. Workman and John J. Dee for Plaintiffs and Appellants.
William M. McMillan, David R. Simmes, Alexander D. DeVorkin and Robert W. Vidor for Defendant and Respondent.
OPINION
EPSTEIN, Acting P.J.
In this inverse condemnation action, appellants challenge the trial court's determination that they were not entitled to compensation for loss of benefit when a freeway off-ramp was moved one-half mile from their property. We find no error and affirm the judgment.

FACTUAL AND PROCEDURAL SUMMARY
This case was tried on stipulated facts. Robert Leonard, Jr., and Frances Margaret Leonard were the owners of 10 acres of property located at the intersection of Sepulveda Boulevard and Centinela Avenue in Culver City (the property). The property is now held by appellants Robert Leonard, Jr., and Carol Leonard Collins, trustees under the will of Robert Leonard, deceased.
In 1959, the State of California condemned a portion of the property for construction of the Interstate 405 freeway, including an off-ramp for vehicles to exit the freeway southbound onto Sepulveda Boulevard adjacent to the property. In the 1959 condemnation proceeding, the jury found $182,000 to be the fair market value of the property being taken, $142,000 for severance damages to the remaining 7.69 acres by reason of the severance of the part taken, and $20,000 as the value of special benefits accruing to the remainder of the property by reason of the construction of the public improvement. The $20,000 benefit was offset against the amount of severance damages payable to the Leonards. The judgment in that case was *1299 affirmed in People ex rel. Dept. of Public Works v. Stevenson & Co. (1961) 190 Cal. App.2d 103 [11 Cal. Rptr. 675].
The Interstate 405 freeway and the southbound off-ramp onto Sepulveda Boulevard were constructed as planned. In 1973, a 12-story hotel and conference center was constructed on a portion of the property. In 1980-1981, an office building was constructed on another portion of the property.
In 1986, respondent State of California acting by and through the Department of Transportation (Caltrans) closed the southbound off-ramp adjacent to the property, and relocated it one-half mile south. On March 22, 1989, appellants brought this action for inverse condemnation, seeking compensation for the closure of the off-ramp. After a court trial, judgment was entered in favor of Caltrans. Appellants filed this timely appeal.

DISCUSSION
(1) A property owner enjoys certain property rights in the street upon which his or her land abuts, including an easement of access, consisting of the right to get into the street upon which the property abuts, and from there, in a reasonable manner, to the general system of public streets. (Brumer v. Los Angeles County Metropolitan Transportation Authority (1995) 36 Cal. App.4th 1738, 1745 [43 Cal. Rptr.2d 314].) The right is not without limits. "Not every interference with the property owner's access to the street upon which his property abuts and not every impairment of access, as such, to the general system of public streets constitutes a taking which entitles him to compensation. Such compensation must rest upon the property owner's showing of a substantial impairment of his right of access to the general system of public streets." (Breidert v. Southern Pac. Co. (1964) 61 Cal.2d 659, 663-665 [39 Cal. Rptr. 903, 394 P.2d 719], italics omitted.) "It does not matter whether the issue of compensable damages for impairment of access arises in a condemnation or inverse condemnation action; the issues are the same." (San Diego Metropolitan Transit Development Bd. v. Price Co. (1995) 37 Cal. App.4th 1541, 1547 [44 Cal. Rptr.2d 705].)
In People v. Ayon (1960) 54 Cal.2d 217 [5 Cal. Rptr. 151, 352 P.2d 519], our Supreme Court explained: "Modern transportation requirements necessitate continual improvements of streets and relocation of traffic. The property owner has no constitutional right to compensation simply because the streets upon which his property abuts are improved so as to affect the traffic flow on such streets. If loss of business or of value of the property results, that is noncompensable. It is simply a risk the property owner assumes when he lives in modern society under modern traffic conditions." (Id. at pp. 223-224.)
*1300 (2) Appellants' inverse condemnation action is premised on respondent's actions in moving the off-ramp which was adjacent to appellants' property. According to the complaint, this change "substantially and unreasonably deprived Plaintiffs and Plaintiffs' tenants and customers of the reasonably convenient access they previously enjoyed. These actions of Defendants constitute a taking of Plaintiffs' property interest and an impairment of access to plaintiff[s'] property from the off-ramp adjacent thereto." The allegations, and the stipulated facts, establish nothing more than a rerouting of traffic one-half mile south of the previously constructed off-ramp. As the cases uniformly state, "A property owner has no right to compensation because traffic is rerouted or diverted to another thoroughfare even though the value of his property is substantially diminished as a result." (People v. Ayon, supra, 54 Cal.2d at p. 224.)
Appellants seek to avoid this obvious result on the theory that in the 1959 condemnation action, their severance damages were reduced by $20,000, which was the value attributed to the "special benefits" the remainder of the property would receive from the construction of the public improvement. Now that the benefit has been eliminated by removal of the off-ramp, appellants argue they were "short changed by the special benefit reduction" and must now be compensated.
Appellants rely on People ex rel. Dept. of Public Works v. Edgar (1963) 219 Cal. App.2d 381 [32 Cal. Rptr. 892]. In Edgar, the property owners challenged an instruction which required the jury to presume that the improvement would be carried out as proposed. The Court of Appeal found the instruction was proper, explaining: "[S]pecial benefits to be deducted from severance damages must be assessed as of the time of the taking of the property, and the mere possibility that the benefits might subsequently be terminated by the condemner does not preclude the deduction of the benefit although it may properly be considered in determining its present value." (Id. at p. 386.)
The court then rejected the owners' argument that the trial court erred in omitting a portion of a jury instruction on special benefits. The omitted sentence read: "A special benefit is one in which the property owner will acquire some proprietary right or interest, which, if it were taken away, destroyed, or altered by the plaintiffs in future years, would entitle the defendants to further compensation for its loss." (People ex rel. Dept. of Public Works v. Edgar, supra, 219 Cal. App.2d at p. 387, italics omitted.) The court found that the "eliminated language was properly omitted; as we have already seen, there may be a special benefit to a defendant justifying an *1301 offset against a monetary award to him for severance damages without the actual acquisition of a proprietary right which, if later altered by the plaintiff, would entitle him to compensation for its loss. For example, the future rerouting of traffic which had originally constituted a special benefit would not result in the loss of a proprietary right and would not entitle a defendant to further compensation." (Id. at pp. 387-388.)
That is precisely our case. The loss of which appellants complain is the change in traffic flow from the Interstate 405 freeway, and that rerouting of traffic is not a loss of a proprietary right which would entitle them to further compensation. Appellants were entitled to the fair market value of the property taken in condemnation, including severance damages, as offset by the special benefit conferred  all fairly valued as of the time of taking. That is what they received.
The Supreme Court recently cited the Edgar case with approval in Los Angeles County Metropolitan Transportation Authority v. Continental Development Corp. (1997) 16 Cal.4th 694 [66 Cal. Rptr.2d 630, 941 P.2d 809]. Addressing fairness concerns in condemnation proceedings, the court explained: "Both special benefits and severance damages likewise may not materialize, or may cease to exist, for the same reason. Valuation to an absolute certainty has never been required in arriving at just compensation. The demands of fairness are satisfied when compensation is determined on the basis of substantial evidence establishing, to a reasonable certainty, the value of the property taken and the net effect on the remainder property's value of benefits and detriments resulting from the project. [Citation.] Moreover, if a landowner's property enjoys improved access as a result of a public improvement and the state were later to take away that access, it may be, as the Court of Appeal observed in People ex rel. Dept. of Public Works v. Edgar (1963) 219 Cal. App.2d 381, 389 [32 Cal. Rptr. 892], that compensation through a new condemnation action would become due." (Los Angeles County Metropolitan Transportation Authority v. Continental Development Corp., supra, 16 Cal.4th at p. 711, italics added.)
Edgar and Continental Development recognize the availability of a subsequent condemnation action for loss of a benefit which was used to offset severance damages in an initial taking. But these cases do not elevate every benefit used as an offset to a proprietary right which, if later lost, would constitute a compensable taking. Edgar used the rerouting of traffic as an example: "[T]he future rerouting of traffic which had originally constituted a special benefit would not result in the loss of a proprietary right and would not entitle a defendant to further compensation." (219 Cal. App.2d at pp. 387-388.)
*1302 If the benefit which is lost is a proprietary right compensable under condemnation law, then the landowner is entitled to be compensated for its loss. This is so whether there was an earlier taking which included an offset for that benefit, or whether this is the first taking. But if, as in this case, the benefit which is lost is not compensable under condemnation law, the fact that it was in an earlier case deemed an offsetting benefit cannot render it compensable.

DISPOSITION
The judgment is affirmed.
Baron, J., and Czuleger, J.,[*] concurred.
A petition for a rehearing was denied April 30, 1998, and appellants' petition for review by the Supreme Court was denied June 24, 1998. Mosk, J., was of the opinion that the petition should be granted.
NOTES
[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.